UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID DINALLO,<br>　　　　　Plaintiff,<br><br>v.<br><br>BOGOTA BOARD OF EDUCATION,<br>BOGOTA PUBLIC SCHOOLS, BOROUGH<br>OF BOGOTA, and LETIZIA<br>PANTOLIANO,<br><br>　　　　　Defendants. | Civ. No. 13-5761 (KM)<br><br>MEMORANDUM OPINION AND<br>ORDER |

## KEVIN MCNULTY, U.S.D.J.:

Plaintiff David Dinallo brings this suit against Defendants Bogota Board of Education, Bogota Public Schools, Borough of Bogota, and Letizia Pantoliano, claiming that they terminated his employment on the basis of his age and that they failed to pay overtime compensation owed him. He seeks, *inter alia,* damages and reinstatement of his position pursuant to the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, and the Fair Labor Standards Act, 29 U.S.C. § 216(b).

In his complaint, Plaintiff alleges that he is 62 years old and began working for the Defendants in 1991. (Complaint (Doc. No. 1) at ¶¶ 16-17). He alleges that he became Supervisor of Buildings and Grounds, working often in excess of 40 hours per week at his duties of cleaning and maintenance. (*Id.* at ¶¶ 19, 24, 26). He alleges that the Defendants terminated his employment in June 2013. (*Id.* at ¶18). He then goes on to allege, *inter alia,* that the Defendants' stated reason for terminating his employment, "economic purposes," was a pretext for age discrimination (*id.* at ¶¶ 39-52), and that he had accrued "over 200 sick days" for which he never received compensation from Defendants (*id.* at ¶¶ 58-60).

The Borough of Bogota ("Borough") moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and has simultaneously argued that the Court should consider matters outside the pleading, pursuant to Federal Rule of Civil Procedure 12(c), and enter summary judgment pursuant to Federal Rule of Civil Procedure 56(a). The Borough contends it did not employ Plaintiff, and that "there is no cause of action against the Borough." (Doc. No. 8-5). It submits a certification by its borough administrator, August

Greiner, stating that the Borough "has never had a contract of employment directly with David Dinallo" and that the Borough "has never compensated David Dinallo for employment...or otherwise had David Dinallo on the payroll." (Doc. No. 8-4).

Plaintiff, however, has specifically alleged that he was employed by the Borough, and that the Borough, like the Board of Education, is liable for his improper termination and for not paying his overtime. I find, therefore, that Plaintiff has "ple[d] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Taking these well-pleaded factual allegations as true, I find that plaintiff may plausibly be entitled to relief from the Borough, on the face of his complaint. *Id.* at 679. Plaintiff does not, therefore, fail to state a claim.

Even if I converted the Borough's motion into a motion for summary judgment, I could not enter judgment because there is a genuine issue of material fact. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (summary judgment is appropriate where "there is no genuine issue of material fact to be resolved and the moving party is entitled to judgment as a matter of law."). Defendant has submitted one piece of evidence, the certification of its administrator, which at least partially contradicts Plaintiff's allegation that the Borough employed him. The material issue of whether the Borough employed Plaintiff is thus in dispute. I cannot determine, based on the limited proofs before, that a reasonable jury could not find that Borough was Plaintiff's employer and could not potentially enter a verdict against the Borough. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Plus, as Plaintiff points out, the Borough's evidence does not even fully contradict Plaintiff's allegation— it may well be that the Borough exerted control over Plaintiff sufficient to render it his employer as a matter of statute. *See Thomas v. County of Camden*, 386 N.J. Super. 582, 595-596 (App. Div. 2006) (noting breadth of NJLAD's definition of employer and employee and setting forth twelve-factor test for determining whether an employment relationship exists "in the absence of a strict or direct employer-employee relationship").

In short, dismissal would be, at best, premature on this undeveloped record. Accordingly, neither dismissal nor entry of judgment in favor of the Borough is proper at this time, and Plaintiff's motion will be denied.

**ORDER**

**THIS MATTER** having been opened to the Court by Defendant Borough of Bogota ("Borough") through its counsel Norton, Sheehy & Higgins, P.C., on a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF No. 8]; and the Plaintiff David Dinallo, through his counsel Halsband Law Offices, having submitted papers opposing the motion [ECF No. 10]; and the Borough having submitted a reply [ECF No. 11]; and the

Court having considered the papers, pursuant to Federal Rule of Civil Procedure 78(b); for the reasons stated in the Memorandum Opinion filed on this date, and for good cause shown:

IT IS this 6th day of February, 2014, **ORDERED** that:

The Borough's motion to dismiss Plaintiff's complaint is **DENIED**.

_____
HON. KEVIN MCNULTY
United States District Judge

Dated: February 6, 2014
Newark, New Jersey